J-S34029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| HEATHER LYNN HESS | |
| Appellant | No. 3199 EDA 2016 |

Appeal from the PCRA Order Dated September 19, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000551-2012

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:          **FILED AUGUST 16, 2017**

Appellant, Heather Lynn Hess, appeals from the order denying her petition filed under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

On January 11, 2013, a jury convicted Appellant of third-degree murder, aggravated assault, involuntary manslaughter, and endangering the welfare of a child. On March 19, 2013, the trial court sentenced Appellant to 10 to 20 years in prison. Appellant filed a direct appeal, and on March 4, 2014, this Court affirmed her judgment of sentence. ***Commonwealth v. Hess***, 100 A.3d 294 (Pa. Super. 2004) (unpublished memorandum).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On June 27, 2014, Appellant filed the underlying PCRA petition *pro se*.[1] The PCRA court appointed counsel on September 18, 2014. Counsel filed an amended petition on March 22, 2016. On May 13, 2016, the Commonwealth filed an answer.[2] The PCRA court convened a hearing on August 17, 2016. On September 19, 2016, it entered an order denying Appellant's petition. Appellant filed this timely appeal, in which she presents one issue:

> Whether the PCRA Court erred in denying Appellant's PCRA petition where the record clearly showed that counsel was ineffective for failing to communicate [plea] offers of 9 to 23 months and 8 to 10 years to Appellant, where Appellant would have agreed to the offers if they had been communicated, and Appellant was prejudiced by counsel's ineffectiveness?

Appellant's Brief at 4.

Appellant seeks post-conviction relief on the basis that trial counsel was ineffective for failing to properly communicate plea offers from the Commonwealth. Appellant claims "there were offers . . . which trial counsel

_____

[1] Appellant's petition was timely because it was filed within one year after her sentence became final. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's sentence became final on April 3, 2014, when the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court"). Therefore, Appellant had until April 3, 2015 to file a timely PCRA petition.

[2] Although the docket entries show the Commonwealth filed an "Answer in Opposition to Amended Post-Conviction Relief Act Petition" on May 13, 2016, it is absent from the certified record.

either failed to relay to Appellant or failed to properly advise Appellant[.]" Appellant's Brief at 7. Appellant contends, "[i]f she had been properly advised regarding these plea offers, she would have accepted these offers, which offers were less severe than the sentence she received." *Id.*

Preliminarily, we note our standard of review:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The law presumes trial counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on the petitioner. *Id.* To satisfy this burden, the petitioner must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Commonwealth*

*v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of this test will result in rejection of the petitioner's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

At the PCRA hearing, Appellant testified that her trial counsel, Keith Garrity, Esquire, did not communicate any plea offers to her. N.T., 8/17/16, at 8-10. Appellant eventually conceded that Mr. Garrity communicated an offer of 10 to 20 years in prison, which she rejected, but she maintained that had he communicated an offer less than 10 to 20 years, she would have "considered" it. *Id.* at 10. Appellant emphasized that at her sentencing hearing on March 19, 2013, Judge Coll[3] "indicated that his notes revealed a plea offer of 9 to 23 months." *Id.* at 10-11. Appellant had not heard of that offer prior to sentencing. *Id.* at 11, 14. She averred that she would have accepted that plea. *Id.* at 11.

On cross-examination, the Commonwealth showed Appellant a letter from Mr. Garrity to Appellant in which Mr. Garrity advised Appellant of a plea offer of 10 to 20 years. N.T., 8/17/16, at 12-13.[4] Appellant agreed that she signed page 8 of the letter, acknowledging its content, on December 28, 2012. *Id.* at 12. Appellant also testified that Mr. Garrity told her of a plea

---

[3] Judge Michael F. X. Coll, who presided at Appellant's trial and sentencing in 2013, retired at the end of 2013 and assumed senior status. Judge Richard M. Cappelli has presided over Appellant's PCRA proceedings.

[4] The letter also stated, "It is my opinion that more likely than not you will be found guilty of Aggravated Assault and either Third Degree Murder or Voluntary Manslaughter." *Id.* at 13.

offer of 8 to 10 years, to which she responded that "I'm not pleading guilty to nothing." N.T., 8/17/16, at 15. Appellant said the 8 to 10 year plea was not put in writing, and that she never received from Mr. Garrity a plea offer of 9 to 23 months. *Id.*

Deputy District Attorney Mike Galantino testified to "handling the litigation portion" and trying Appellant's case. *Id.* at 17. The Commonwealth questioned Mr. Galantino as follows:

**Q:** In cases such as this, the Hess case, who's authority is it to make offers on behalf of the Commonwealth?

**A:** In any serious case, especially a case involving a child homicide, all offers would have to go through me and I would also review an offer in a case such as this with the District Attorney.

. . .

**Q:** Do you recall making offers in this case? In the case of Commonwealth v. Hess?

**A:** Not at the beginning. In fact, specifically there was no request for an offer. There was no offer make at any time through the beginning of the case. It wasn't until I took over the case and I had lengthy discussions with Defense Counsel, Mr. Garrity, that we began to talk about an offer of somewhere in the range of 10 to 20 years in State Prison for Third Degree Murder.

**Q:** And did you communicate that offer to Mr. Garrity?

**A:** I did.

**Q:** Would you have approved an offer to a County Sentence[5] in this case?

**A:** Absolutely not. Given that this was a serious case of a child homicide, given that I felt the evidence was fairly compelling, there is no way that our office would have ever approved a County Sentence on a case of this magnitude.

**Q:** Did you make an offer of 9 to 23 months in this case?

**A:** No, that was never made, that was never discussed, or even requested for that matter.

N.T., 8/17/16, at 17-19.

On cross-examination, Mr. Galantino testified that he did not handle Appellant's case initially, and that although he supervised the case, he assigned it to another assistant district attorney, Mr. Lesniak, who "was the one that corresponded with Defense Counsel and went to Court." *Id.* at 19. He stated, "Mr. Lesniak didn't have the authority to make a plea offer without going through me." *Id.* at 20. With regard to the offer of 10 to 20 years, Mr. Galantino testified:

There was a second attempt either just before the trial began or during the trial. . . . In this case, what was unique was the description of how this child had died and it was very important for this family to try to understand what happened to their son, their grandson, their nephew and I had a conversation with Mr. Garrity either just before jury selection or after the jury had been picked that if [Appellant] would come clean and tell what

---

[5] A "County Sentence" is generally recognized as being less than two years. *See* 42 Pa.C.S. § 9762 (generally providing for county incarceration where sentence is under two years, but permitting county incarceration in some cases where term is less than five years); *Allegheny County v. Commonwealth*, 544 A.2d 1305, 1308 (Pa. 1988) (persons sentenced to less than two years' incarceration are properly in county's custody).

happened to the child, since she was the only person involved with his care on the day that he died, that I would go back to the family and go back to the District Attorney and consider the possibility of a sentence as low as eight years but the formal offer was 10 to 20. There was a discussion of possibly going to eight provided [Appellant] gave us certain information the family was seeking.

*Id.* at 20-21.

Mr. Galantino testified that Appellant rejected the offer of 10 to 20 years. N.T., 8/17/16, at 22. With regard to Judge Coll's statement at sentencing regarding a lesser plea offer, Mr. Galantino stated:

It's not that I have no recollection of it, I can say unequivocally I never made an offer of a County sentence and I would never have made an offer of a County sentence on a case of this magnitude. . . . I don't know how it got into Judge Coll's notes. I can say unequivocally that our office never made that type of an offer.

*Id.* at 23.

Mr. Garrity testified that he represented Appellant at trial, and confirmed that he communicated the plea offer of 10 to 20 years to Appellant in written correspondence. *Id.* at 25. He also testified that he verbally discussed with Appellant "if she were to tell the family what actually happened to the child that [the District Attorney] may consider an eight year sentence. I relayed that to [Appellant] and at that point, she said I told you what happened and that was the end of the discussion. This was with respect to pleading guilty." *Id.* at 25-26. Mr. Garrity stated that the Commonwealth never made an offer of 9 to 23 months, and if it had, he would have communicated the offer to Appellant "and waited by the front

steps for the Courthouse to open" so that Appellant could accept that plea as quickly as possible. *Id.* at 27-28. Mr. Garrity reiterated that the plea offer of 10 to 20 years was the only offer made by the Commonwealth, "with the caveat that if she were to tell as the Commonwealth phrased it, what actually happened to the child, then they would consider eight and she told me, I told you already." *Id.* at 27.

The notes of testimony from the March 19, 2013 sentencing hearing were incorporated into the PCRA hearing. N.T., 8/17/16, at 34. The notes read:

**The Court**: Incredibly I'm looking at the notes, you mentioned a plea bargain. A plea bargain as of March 23rd, 2012, was that she would plead to Aggravated Assault as a felony of the second degree and get sent to prison for nine to 23 months, plus two years of probation.

**Mr. Garrity**: We never received that offer.

**The Court**: Pardon?

**Mr. Garrity**: We never received that offer.

**The Court**: I wrote it down here on the day it happened.

**Mr. Garrity**: Not for this case Judge.

**The Court**: It was conveyed in Court. I didn't write that down because someone told me in secret. I wrote that down because it was conveyed in this very courtroom.

**Mr. Garrity**: Judge, with all due respect . . .

**The Court**: Well . . .

**Mr. Garrity**: . . . that offer was never conveyed in my presence.

**The Court**:        Well here it is and I wrote – that's my practice.

**Mr. Garrity**:       [Mr. Galantino] did you . . .

**Mr. Galantino**: I wasn't present that day.  It was another attorney from our office.

**The Court**:        All right maybe – the point is, the point is that perhaps it was some kind of quid pro quo for the truth, . . . But regardless of whether that was any kind of viable offer, the situation now is she stands before the Court . . .

N.T., 3/19/13, at 63-65.

After considering the above testimony, the PCRA court denied Appellant's petition for post-conviction relief.  The PCRA court made this factual finding:

> In light of the hearing testimony and the deportment and statements of the various individuals who testified, it is hereby specifically held that there was never any pre-trial offer such as the "9 to 23 months."  The unsubstantiated and uncorroborated inadvertent statements of the sentencing judge regarding a pre-trial plea offer of "9 to 23 months" that bears no relation to the range of realistic pre-trial plea offers that would be considered by the Deputy District Attorney is of no legal or evident force, merit or effect.

PCRA Court Opinion, 1/19/17, at 6-7.  The PCRA court concluded that there was no arguable merit to Appellant's claim because "counsel cannot be said to have been ineffective in failing to convey a [9 to 23 month] plea offer that never existed."  *Id.* at 8-9.

We agree with the trial court's conclusion.  In addition, we find that Appellant's assertion that trial counsel failed to provide "proper advice regarding the 8 to 10 [year] offer" is without merit.  Appellant claims that

she "would have accepted [that offer] because it . . . was less than what she was facing, which was the 10 to 20 year sentence." Appellant's Brief at 9. However, at the PCRA hearing, when Appellant testified that her counsel communicated a plea of 8 to 10 years, she also testified that she responded, "I'm not pleading guilty to nothing." N.T., 8/17/16, at 15. The questioning of Appellant by PCRA counsel reads verbatim:

**Q:** Aside from that written document that [the Commonwealth] showed you from [trial counsel's] office [documenting a plea offer of 10 to 20 years], did you receive any other plea offer prior to going to trial in this case?

**A:** The plea offer, he came to me, he said 8 to 10 years.

**Q:** He did say, he said that?

**A:** And I said, I'm not pleading guilty to nothing.

**Q:** Did he put that in writing to you?

**A:** No.

*Id.* Conversely, Mr. Garrity testified that there was no plea offer of 8 to 10 years. He stated that the plea offer of 10 to 20 years was the only offer made by the Commonwealth, but "with the caveat that if she were to tell as the Commonwealth phrased it, what actually happened to the child, then they would consider eight and she told me, I told you already." *Id.* at 27.

Appellant has failed to establish any arguable merit to her claim that trial counsel failed to properly advise her regarding advice of "the other offer of 8 to 10 years." Appellant's Brief at 10. The record indicates that there

- 10 -

was no plea offer of "8 to 10 years," and, to the extent Appellant may have had an opportunity to plead to 10 to 20 years, with the 10 years possibly being reduced to 8, she rejected such an offer.

In sum, Appellant has failed to prove trial counsel's ineffectiveness because her claims regarding plea offers of 9 to 23 months and 8 to 10 years lack arguable merit. We thus affirm the PCRA court's denial of Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2017