# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ilene Kaplan,              :
           Appellant        :
                          :
           v.                 :
                          :

The Cairn Terrier           :     No. 218 C.D. 2017
Club of America            :     Submitted: June 5, 2017


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge (P.)
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: June 26, 2017


Ilene Kaplan (Kaplan) appeals from the Montgomery County Common Pleas Court's (trial court) October 13, 2016 order denying her Summary Judgment Motion (Motion) and granting the Cairn Terrier Club of America's (CTCA) Motion. There are two issues before this Court: (1) whether the trial court erred by relying on the Business Judgment Rule in granting CTCA's Motion; and (2) whether the trial court erred by applying the coordinate jurisdiction doctrine in denying Kaplan's Motion.[1] After review, we affirm.

---

[1] Kaplan's "CONCISE STATEMENT OF ERRORS ON APPEAL" includes 27 paragraphs containing a litany of claimed errors. Kaplan's "STATEMENT OF THE QUESTIONS INVOLVED" contains the first above-stated issue, plus two additional issues: "[w]hether [Kaplan] was denied a fair and proper election to be re-elected as a Director of [CTCA;]" and "[w]hether [Kaplan] should immediately be installed as a Director of [CTCA] - to right a serious election ballot wrong by [CTCA] and reversible error rulings by the [trial court.]" Kaplan Br. at 4.

Despite that Kaplan's "SUMMARY OF THE ARGUMENT" references the trial court's August 29, 2016 order, Kaplan Br. at 10, Kaplan's "ARGUMENT" is limited to the two issues stated as the issues before this Court. Kaplan Br. at 12. Because this Court may only address matters developed in Kaplan's brief, this Court will limit its review to those arguments. *See Commonwealth v. Feineigle,* 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997) ("When issues are not properly raised and

## Background

CTCA is a Pennsylvania nonprofit corporation. Kaplan alleges that she lost the 2015 election to CTCA's Board of Directors because CTCA breached a fiduciary duty, violated Section 5725(a) and (b) of the Nonprofit Corporation Law of 1988 (Nonprofit Corporation Law), 15 Pa.C.S. § 5725(a), (b) (relating to director selection), and breached a contract by failing to strictly abide by CTCA's election rules set forth in CTCA's Bylaws (Bylaws).

Pursuant to Article IV, Section 4(d) of the Bylaws, the ballot shall list "all of the nominees for each position in alphabetical order, with the names of the states in which they reside[.]" Reproduced Record (R.R.) at 31a. Article VI of CTCA's Nomination Procedures Manual (Manual) provides: "It is imperative that the . . . election procedures of the [CTCA] [] be followed exactly if the membership is to maintain confidence in our systems. Moreover, errors in the . . . election processes **may** be cause to find the election invalid." R.R. at 41a (emphasis added). Kaplan alleges that CTCA violated its Bylaws because the 2015 election ballot improperly identified candidates' regions and allegedly indicated that the candidates represented only their respective regions.

For the purposes of this election, all nominees were members-at-large; the nominees' respective regions were irrelevant to the election. However, Kaplan and another nominee were identified on the ballot as residing in the same region, while none of the other candidates were identified as being from the same region. The ballot did not expressly limit the votes to one Director from a particular region. Kaplan claims that she narrowly lost the election because of the confusion allegedly caused by the improper inclusion of regions on the ballot.

developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."); *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002) ("Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.").

## Facts

On April 18, 2016, Kaplan filed a Petition for Special Equitable Relief/Specific Performance (Petition) with the trial court seeking: (1) a new election to be held within 15 days; (2) the appointment of a neutral trustee to oversee said election; (3) an order directing CTCA to pay her legal fees; (4) an order directing CTCA to pay the trustee's fees; and (5) any other relief the trial court deemed necessary. On June 20, 2016, Kaplan and CTCA filed Cross-Motions for Summary Judgment. On August 25, 2016, the presiding trial court judge, the Honorable Bernard Moore (Judge Moore) heard arguments and testimony on the Petition. On August 31, 2016, Judge Moore issued an order denying the Petition. On September 29, 2016, the trial court's presiding judge, the Honorable Steven C. Tolliver, Sr. (Judge Tolliver) heard the Cross-Motions for Summary Judgment. On October 13, 2016, Judge Tolliver denied Kaplan's Motion and granted CTCA's Motion and, on October 31, 2016, entered judgment in CTCA's favor. Kaplan appealed from the trial court's October 13, 2016 order to the Pennsylvania Superior Court on November 16, 2016. The Superior Court transferred the appeal to this Court on January 11, 2017.[2]

---

[2] This Court's standard of review of a trial court's order granting summary judgment is de novo and our scope of review is plenary. *Pyeritz v. Commonwealth,* . . . 32 A.3d 687, 692 ([Pa.] 2011). Under this standard, we may reverse a trial court's order only for an abuse of discretion or error of law. *Id.* In reviewing a trial court's grant of summary judgment, we consider whether any material issues of fact remain as to the necessary elements of the cause of action pleaded. *Id.*; Pa.R.C.P. No. 1035.2(1). Moreover, summary judgment is appropriate only when, after viewing the record in the light most favorable to the non-moving party and resolving any doubt regarding issues of fact against the moving party, it is clear that the moving party is entitled to judgment as a matter of law. *Id.*

*Pentlong Corp. v. GLS Capital, Inc.,* 72 A.3d 818, 823 n.6 (Pa. Cmwlth. 2014).

Kaplan first argues that the trial court committed reversible error when it relied on the Business Judgment Rule in granting CTCA's Motion. Initially,

[o]ur Supreme Court has explained:

> The [B]usiness [J]udgment [R]ule insulates an officer or director of a corporation from liability for a business decision made in good faith if he is not interested in the subject of the business judgment, is informed with respect to the subject of the business judgment to the extent he reasonably believes to be appropriate under the circumstances, and rationally believes that the business judgment is in the best interests of the corporation.
>
> *Cuker v. Mikalauskas*, . . . 692 A.2d 1042, 1045 ([Pa.] 1997). '[I]f a court makes a preliminary determination that a business decision was made under proper circumstances, however that concept is currently defined, then the [B]usiness [J]udgment [R]ule prohibits the court from going further and examining the merits of the underlying business decision.['] *Id.* at 1047.

*Logans' Reserve Homeowners' Ass'n v. McCabe,* 152 A.3d 1094, 1097 n.6 (Pa. Cmwlth. 2017).

Kaplan contends that "[s]ummary [j]udgment cannot be entered[,] and **a trial must be held** for the injured party against the corporation claiming protection under the Business Judgment Rule." Kaplan Br. at 12 (emphasis added). We disagree. The Business Judgment Rule is irrelevant to a court's determination of whether a summary judgment motion may be granted. Rather, the issue to be determined in deciding whether to grant a summary judgment motion is "whether any material issues of fact remain as to the necessary elements of the cause of action pleaded." *Pentlong Corp. v. GLS Capital, Inc.,* 72 A.3d 818, 823 n.6 (Pa. Cmwlth. 2014); *see also Lyman v. Boonin,* 635 A.2d 1029 (Pa. 1993); *Logans' Reserve*.

Kaplan expressly averred in her Motion: "There are no genuine issues of material fact as to a necessary element of the cause of action **or defense** which could

be established by discovery or expert report." Kaplan Motion at 7 ¶ 27 (emphasis added). CTCA also averred in its Motion: "There are no material issues of fact, and no legal basis upon which [Kaplan] can make a claim against [] CTCA."[3] CTCA Motion at 7 ¶ 37. The trial court agreed with both parties and granted CTCA's Motion, holding: "There are no genuine issues of material fact as to necessary elements of the causes of action pled." Trial Court October 13, 2016 Order at 1.

Specifically, the trial court decreed:

a) The elements of a breach of fiduciary duty in Pennsylvania are (1) the defendant's negligent or intentional failure to act in good faith and solely for the plaintiff's benefit in all matters for which the defendant was employed; (2) the plaintiff's injury; **and** (3) the plaintiff's injuries were brought about as a result of the defendant's failure to act solely for the plaintiff's benefit. *Singleton v. Medearis*, 2009 WL 3497773, *4 ([E].D. Pa. 2009) (citing *Dinger v. Allfirst Fin*[.]*, Inc*. 82 Fed. Appx. 261, 265 (3d Cir. 2003)). Under [Section 5712 of the Nonprofit Corporation Law,] 15 Pa.C.S. § 5712, a director of a nonprofit corporation owes a fiduciary duty to the corporation, [Kaplan] claims that [CTCA] breached a fiduciary duty to [Kaplan] by failing to strictly conform to ballot rules set forth in the bylaws. After evaluating the record, the [trial c]ourt finds that **there are no genuine issues of material fact as to the third element regarding causation**. [**Kaplan**] **has failed to establish that any member of** [**CTCA**] **did not vote for** [**Kaplan**] **due to a confusing ballot format**.

b) [Kaplan] alleges a violation of [Section 5725(a) and (b) of the Nonprofit Corporation Law.] Subsection (a) provides that nonprofit directors shall be elected by members. Subsection (b) provides that the nonprofit bylaws may fix the methods in which directors are elected. [Kaplan] avers that [] [CTCA] violated its own [B]ylaws by listing the

---

[3] Interestingly, Kaplan now asserts in her brief: "[T]he [t]rial [c]ourt should have granted [Kaplan's] Motion For Summary Judgment – not [CTCA's]. At the very least, a trial must have been held on the merits." Kaplan Br. at 14.

5

candidates' respective regions on the ballot. The inclusion of the candidates' regions was not expressly prohibited by the [B]ylaws. Considering that discovery is now complete, the [trial c]ourt finds that [**Kaplan**] **has failed to produce evidence of facts adducing a violation of this statute**.

c) The elements of a breach of contract action are (1) the existence of a contract, (2) a breach of a duty imposed by the contract, **and** (3) damages. *Sullivan v. Chartwell Inv. Partners*, *LP*, 873 A.2d 710, 716 (Pa. Super.[] 2005). **There are no genuine issues of material fact as to damages, as [Kaplan] has failed to establish that any member of the [CTCA] did not vote for [Kaplan] due to a confusing ballot format**.

d) Plaintiff has failed to adduce sufficient evidence to overcome the [B]usiness [J]udgment [R]ule. *See Cuker . . .*; 15 Pa.C.S. § 5715(d).[4]

Trial Court October 13, 2016 Order at 1 (emphasis added). We discern no error in the trial court's conclusions.

Kaplan next contends that the trial court erred by applying the coordinate jurisdiction doctrine in denying Kaplan's Motion. At the outset, our Supreme Court has explained:

Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate

---

[4] Section 5715(d) of the Nonprofit Corporation Law provides:

Absent breach of fiduciary duty, lack of good faith or self-dealing, any act as the board of directors, a committee of the board or an individual director shall be presumed to be in the best interests of the corporation. In assessing whether the standard set forth in [S]ection 5712 [of the Nonprofit Corporation law] has been satisfied, there shall not be any greater obligation to justify, or higher burden of proof with respect to, any act as the board of directors, any committee of the board or any individual director relating to or affecting an acquisition or potential or proposed acquisition of control of the corporation than is applied to any other act as a board of directors, any committee of the board or any individual director.

15 Pa.C.S. § 5715(d).

6

jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions.

*Zane v. Friends Hosp.,* 836 A.2d 25, 29 (Pa. 2003) (citations omitted). However, "where the motions differ in kind, as preliminary objections differ from . . . motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." *Ryan v. Berman,* 813 A.2d 792 (Pa. 2002) (quoting *Goldey v. Trustees of Univ. of Pa.,* 675 A.2d 264, 267 (Pa. 1996)).

Here, the trial court determined: "The relief sought in [Kaplan's P]etition is similar enough to the relief requested in [Kaplan's Motion] to give Judge Moore's order preclusive effect over [Kaplan's] Motion. The issue of whether [Kaplan] is entitled to specific performance relief has already been litigated." Trial Court October 13, 2016 Order at 1. While we agree that both the Petition and the Motion sought a new election, the Petition differs in kind from the Motion.

> An injunction that commands the performance of an affirmative act, a 'mandatory injunction,' is the rarest form of injunctive relief and is often described as an extreme remedy. The case for a mandatory injunction must be made by a very strong showing, one stronger than that required for a restraining-type injunction. **An applicant seeking mandatory injunctive relief must establish** the following elements: (1) **irreparable harm will occur that is not compensable by money damages**; (2) **greater injury will result from the denial of the injunction than by granting the injunction**; (3) **the injunction will restore the status quo between the parties**; **and** (4) **the party seeking relief has a clear right to relief in an actionable claim**.

*Wyland v. W. Shore Sch. Dist.,* 52 A.3d 572, 582 (Pa. Cmwlth. 2012) (citations omitted; emphasis added). Moreover, "[t]he Supreme Court consistently holds that 'for a preliminary injunction to issue, *every one* of these prerequisites must be

established; if the petitioner fails to establish any one of them, there is no need to address the others.'" *Id.* at 582-83 (quoting *Cnty. of Allegheny v. Commonwealth,* 544 A.2d 1305, 1307 (Pa. 1988)). However, a party seeking summary judgment must prove there are no issues of material fact and that they are entitled to judgment as a matter of law. *Pentlong Corp.* Clearly these motions provide for two different standards and a denial of one does not automatically preclude the granting of the other.

Notwithstanding, "[a]n appellate court may affirm the trial court for grounds different than those relied upon by the trial court where other grounds for affirmance exist." *Phila. Fed'n of Teachers v. Sch. Dist. of Phila.,* 109 A.3d 298, 321 n.35 (Pa. Cmwlth. 2015), *aff'd on other grounds*, 144 A.3d 1281 (Pa. 2016). Because the trial court's reasons for granting CTCA's Motion also support the denial of Kaplan's Motion, we nevertheless affirm the trial court's order denying Kaplan's Motion on those grounds.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Senior Judge Leadbetter concurs in the result only.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ilene Kaplan,  :
               Appellant  :
                                   :
                                   :
          v.  :
                                   :
The Cairn Terrier  :    No. 218 C.D. 2017
Club of America  :

## O R D E R

AND NOW, this 26th day of June, 2017, the Montgomery County Common Pleas Court's October 13, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge