J-S84017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
YUL DANIEL ROMAN-VAZQUEZ :
:
Appellant : No. 1046 MDA 2017

Appeal from the Judgment of Sentence January 25, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001272-2016,
CP-38-CR-0001274-2016

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: **FILED MARCH 22, 2018**

Yul Daniel Roman-Vazquez ("Roman-Vazquez") appeals from the judgment of sentence, entered in the Court of Common Pleas of Lebanon County, alleging that after he pleaded guilty to two counts of retail theft,[1] the sentencing court abused its discretion by imposing incarceration in a state correctional facility. We remand for further proceedings.

On January 25, 2017, Roman-Vazquez was sentenced to a period of 11 ½ months' to 7 years' incarceration in a state facility, rather than in a county facility.[2] Roman-Vazquez was made Recidivism Risk Reduction Incentive eligible, reducing his minimum sentence to 8 ½ months. On February 6,

_____

[1] 18 Pa.C.S.A. § 3929(A)(1).

2017, Roman-Vazquez filed a timely motion for reconsideration of sentence, which was denied on May 31, 2017. Roman-Vazquez timely appealed, and on June 3, 2017, the trial court entered an order directing him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); he did not comply due to an alleged clerical error. On August 3, 2017, the trial court issued a Rule 1925(a) opinion stating that Roman-Vazquez waived any issues he wished to appeal for failing to respond with a Rule 1925(b) statement. Roman-Vazquez raises one issue for review: "Did the sentencing court commit a manifest abuse of discretion by imposing incarceration in a state correctional facility?" Brief of Appellant, at 4.

Before we address the merits of Roman-Vazquez's issue, we must first determine whether Roman-Vazquez has preserved his claim for our review. In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that in order to preserve issues for appellate review, appellants must comply whenever the court orders them to file a Rule 1925(b) statement. However, in 2007, our Supreme Court amended Rule 1925 to include a new procedure for appellate courts to remedy a criminal appellant's failure to file a Rule 1925(b) statement. Rule 1925(c)(3) now provides:

> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). The official note to subsection (c)(3) further states:

> Paragraph (c)(3) This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement[.] Prior to these amendments of this rule, the appeal was quashed if no timely statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness[.] An appellant must be able to identify per se ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate per se ineffectiveness is entitled to a remand.

Note to Pa.R.A.P. 1925.

Here, the trial court entered an order pursuant to Rule 1925(b), directing Roman-Vazquez to file a statement of errors complained of on appeal. Roman-Vazquez did not comply with the order, and the court stated in its Rule 1925(a) opinion that Roman-Vazquez waived all issues on appeal. Therefore, his counsel was *per se* ineffective for completely failing to file the statement. **See Commonwealth v. Scott**, 952 A.2d 1190 (Pa. Super. 2008) (appellant's counsel completely failed to file Rule 1925(b) statement, counsel was *per se* ineffective, case remanded pursuant to Rule 1925(c)(3) for filing of Rule 1925(b) statement *nunc pro tunc* and for filing of Rule 1925(a) opinion by trial court).

Accordingly, we remand for Roman-Vazquez to file a Rule 1925(b) statement within twenty-one days of this decision, and for the trial court to file a Rule 1925(a) opinion within thirty days of the statement's filing.[3]

Case remanded for further proceedings consistent with this decision. Jurisdiction retained.

_____

[3] Roman-Vazquez's sentence implicates section 9762 of the Pennsylvania Code, which states, in relevant part, as follows: "Maximum terms of five or more years shall be committed to the [Pennsylvania] Department of Corrections for confinement." 42 Pa.C.S.A. § 9762(b)(1). **See also Allegheny County v. Commonwealth**, 544 A.2d 1305, 1307-08 (Pa. 1988) (persons receiving maximum sentence of five years or more are committed to custody of the Department of Corrections). Furthermore, a convicted individual has no constitutional or other inherent right to serve his imprisonment in any particular type of institution. **See Commonwealth v. Fullin**, 892 A.2d 843, 852 (Pa. Super. 2006). Accordingly, upon remand, the trial court may not grant Gonzalez relief as to the instant claim if his maximum sentence remains five or more years.