J-S14034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONELL PATRICE BRANTLEY | : | |
| | : | |
| Appellant | : | No. 1444 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 10, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000787-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONELL PATRICE BRANTLEY | : | |
| | : | |
| Appellant | : | No. 1445 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 10, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000378-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONELL PATRICE BRANTLEY | : | |
| | : | |
| Appellant | : | No. 1446 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 10, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000379-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| DONNELL PATRICE BRANTLEY | : | |
| | : | |
| Appellant | : | No. 1447 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 10, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002000-2025

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JUNE 9, 2026**

In these consolidated appeals, Donell[1] Patrice Brantley (hereinafter, "Appellant") challenges the trial court's denial of his post-sentence request to withdraw his negotiated guilty pleas. Appellant's counsel, Attorney Kristen L. Weisenberger, has also filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). After review, we affirm the court's denial of Appellant's post-sentence motion to withdraw his plea and grant counsel's motion to withdraw.

On September 10, 2025, Appellant entered negotiated guilty pleas in four separate criminal cases. In CP-22-CR-00787-2024 (case 787-2024), Appellant was charged with receiving stolen property (18 Pa.C.S. § 3925(a)) and multiple summary driving offenses. At the plea hearing, the

---

[1] The captions in these cases list Appellant's first name as either "Donell" or "Donnell." For consistency, we use the former spelling of Appellant's first name herein.

- 2 -

Commonwealth agreed to withdraw the summaries, and the trial court sentenced Appellant to a county-length sentence of 11½ to 23 months of incarceration. N.T. Guilty Plea, 9/10/25, at 6-7. In CP-22-CR-00378-2025, (case 378-2025), Appellant was charged with retail theft graded as a felony of the third degree (18 Pa.C.S. § 3929(a)(1)). He was sentenced to five years of probation on this charge, consecutive to incarceration. *Id.* at 8. In CP-22-CR-00379-2025 (case 379-2025), Appellant entered a guilty plea to one count of retail theft (F3) (18 Pa.C.S. § 3929(a)(1)), and a second count of possession of drug paraphernalia was withdrawn. Appellant was sentenced to serve five years of probation on this conviction, concurrent with the probation imposed on case 378, and consecutive to his incarceration. *Id.* Finally, in CP-22-CR-002000-2025 (case 2000-2025), Appellant entered guilty pleas to one count of retail theft (F3) (18 Pa.C.S. § 3929(a)(1)) and one count of conspiracy – retail theft (18 Pa.C.S. § 903). On each of these two charges, Appellant was sentenced to 11½ to 23 months of incarceration, to be served concurrently with Appellant's sentence at case 787-2024. *Id.* at 7-8. Thus, Appellant's aggregate sentence on these four dockets is 11½ to 23 months of incarceration followed by five years of probation.

On September 22, 2025, Appellant's counsel filed a timely motion to withdraw Appellant's plea and also to withdraw as counsel.[2] Therein, counsel

_____

[2] It may initially appear that the post-sentence motion was untimely under Pa.R.Crim.P. 720(a)(1) as it was filed more than 10 days after imposition of
*(Footnote Continued Next Page)*

- 3 -

explained that Appellant had claimed that he was not properly advised by counsel with respect to the charges he faced and that he received unspecified other "false representations" from counsel. Due to the allegations of ineffective assistance, counsel sought to withdraw.[3] In addition, Appellant sent a letter to the trial court dated September 25, 2025, in which Appellant also avers that he had not wanted to enter a plea to one count of receiving stolen property and one retail theft count. Following a hearing, the trial court denied Appellant's request to withdraw his plea and granted counsel's request to withdraw from representing Appellant. Order, 10/2/25. Further, the court appointed Attorney Kristen L. Weisenberger for Appellant's appeal. Order, 10/2/25.

Attorney Weisenberger filed timely notices of appeal for Appellant's four cases, and this Court granted her motion to consolidate them. Order, 10/24/25. In response to the trial court's order that Appellant file a concise statement of errors complained of on appeal, counsel filed a notice under Pa.R.A.P. 1925(c)(4), stating that she intended to file an ***Anders/McClendon*** brief in this matter. Accordingly, the trial court did not file a memorandum opinion. The appeal is thus ready for our review.

_____

Appellant's judgment of sentence. However, because the 10-day deadline for filing timely motions occurred on Saturday, September 20, 2025, the motion is deemed timely filed on the following Monday, September 22. ***See*** 1 Pa.C.S. § 1908.

[3] To the extent that Appellant's claims implicate the ineffective assistance of counsel, such claims are not reviewable on direct appeal. However, Appellant's claim here attacks the validity of the plea itself.

We initially address counsel's motion to withdraw before reaching the substantive issue addressed by counsel in the *Anders* brief. *See Commonwealth v. Thompson*, 333 A.3d 461, 466 (Pa. Super. 2025) ("this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). Counsel seeking to withdraw pursuant to *Anders* must satisfy certain procedural and substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel will comply with the technical requirements of *Anders* by:

> (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention.

*Thompson*, 333 A.3d at 466.

Substantively in these cases, counsel must file an *Anders* brief, in which counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Once counsel has complied with all requirements, we review the record and render an

independent judgment as to whether the appeal is wholly frivolous. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, counsel has complied with all procedural and substantive requirements of ***Anders*** and ***Santiago***. Counsel represents, in her motion to withdraw, that, "after a thorough and conscientious examination of the record," she has "determined that an appeal in this matter would be frivolous." Petition to Withdraw as Counsel, 1/20/26, at 2. Counsel appended to her petition to withdraw a copy of the letter of that same date sent to Appellant, which advised Appellant of his right to retain new counsel or proceed *pro se,* raising any additional claims.[4] Petition, Exhibit A. Additionally, counsel provided Appellant with a copy of the ***Anders*** brief, which summarizes the history of this case, details why Appellant believes that he should be permitted to withdraw his guilty plea, and explains counsel's assessment that Appellant's issue is wholly frivolous. Accordingly, we proceed to our independent review of the record in connection to Appellant's claim.

Appellant maintains that he should have been permitted to withdraw his guilty plea because he did not agree to plead guilty to receiving stolen property or to one count of retail theft, although the record does not identify which retail theft count he is contesting. Appellant states that he thought about it after his sentence was imposed and decided that he should have reviewed

---

[4] We note that Appellant has not filed a response to the ***Anders*** brief in this Court.

discovery. Appellant also asserts that counsel had unspecified "bad reports," although this characterization is not further defined.

Appellant explained the reason he wanted to withdraw his plea at the hearing held on October 1, 2025, as follows:

> I respectfully – I have recorded documents in here, when I was in Cumberland County, for [plea counsel] – we talked about my charges. First, I told him I'm not pleading guilty to retail theft of no motor vehicle, which I did not take. Yes, I was in the vehicle, I explained that to him, and one of the retail thefts, I didn't do. The other two retails, I said I would plead guilty. He made me believe that these charges would be disposed of, which to no avail.
>
> And then I was thinking about it last time I was in front of you, and I wanted a full discovery, right, my pretrial motions, I wanted that motion to cause the bill of particulars, and none of the things were handed out to me.
>
> Not only that, he is getting bad reports, you know what I mean? I'm not trying to be ignorant or shoot him down or nothing like that. I didn't want to write to the disciplinary board, but this is very serious, like – but I feel like a fool being here, Your Honor, but I'm not willing to take no charges for nothing I didn't do.
>
> I don't think it is right. I'm willing to go to the federal government, you know And I want to say this, I really want to be a civil rights attorney. I could pass the bar if I stopped getting in trouble, I could do this, but I'm not going – I'm 62 years old.
>
> I'm not going to take no five years' probation when he led me to believe that I would get 11 to 23 months' immediate work release, which he didn't fight for me. It is not right. I know what I did is not right. I feel like a fool and an idiot, but I'm not going to plead – even if I have to take a trial by judge or jury, I am willing to do that.
>
> But for the two retails, he let me believe that I was going to get 11 to 23 months, I was fine with that, but as far as five years' probation for something I didn't do, I can't take that, Your Honor.

N.T., 10/1/25, at unnumbered 2-4 (some formatting altered).

"A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011).

> [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny [than motions filed before sentencing] since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (cleaned up). Importantly, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003).

Among other things, we examine the plea colloquy to determine whether a guilty plea is tendered knowingly, intelligently, and voluntarily. A proper colloquy will delve into six areas: "1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted); *see also* Pa.R.Crim.P.

590, cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea). This colloquy may be supplemented by a written colloquy that is read, completed, and signed by a defendant and made a part of the record. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted). This is critical because a reviewing court must consider the totality of the circumstances surrounding the plea. *Id.* at 1212. Further, a defendant is bound by the statements they made during the plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when entering the guilty plea. *Reid,* 117 A.3d at 783. Thus, we must consider the record in this case.

At Appellant's guilty plea hearing, Appellant was informed of the charges he faced, and admitted to completing and signing the written plea colloquy. N.T. Guilty Plea and Sentencing, 9/10/25 at 2-3. The court was advised that Appellant's negotiated plea involved the imposition of a county-length sentence.[5] *Id.* at 3. The facts of his four cases were briefly detailed. *Id.* at 3-4. Amounts of restitution were discussed. *Id.* at 4.

---

[5] A sentence with a maximum term of less two years of incarceration is generally referred to as a "county sentence." *See Commonwealth v. Harris*, 620 A.2d 1175, 1183 (Pa. Super. 1993); 42 Pa.C.S. § 9762 (providing that as a general rule, county incarceration for sentences with a maximum term of less than two years; however, county incarceration is also permitted in some cases where the maximum term is less than five years); *see also Allegheny County v. Commonwealth*, 544 A.2d 1305, 1308 (Pa. 1988) (explaining that individuals sentenced to less than two years of incarceration are properly in the county's custody).

In Appellant's written plea colloquy, he was also informed of the charges and the grading of the offenses he faced, and the maximum punishment possible thereon. Guilty Plea Colloquy, filed 9/10/25, at unnumbered 1. The colloquy also informed Appellant of his right to a jury trial, that he was presumed to be innocent, and detailed certain trial rights that were being waived by the guilty plea, including the right to cross-examine witnesses. *Id.* at unnumbered 2. The colloquy properly explained the limitations of an appeal occurring after a guilty plea. *Id.* Further, in it, Appellant asserted that he was satisfied with counsel's representation in these proceedings, and that no threats or promises were made to Appellant other than those terms contained in the plea agreement. *Id.* Appellant was also instructed that, absent a negotiated agreement stating otherwise, the court could impose consecutive or concurrent sentences. *Id.* at unnumbered 2-3. Appellant was also informed of his post-sentence and appellate rights. *Id.* at unnumbered 3. Appellant signed this colloquy and affirmed that his plea was "voluntarily made" and it was in his "best interests" to enter the plea. *Id.* at unnumbered 3-4.

After review, we find that the court properly informed Appellant of all the requirements listed in the comment to Rule 590 and *Reid*. Appellant was informed of the nature of the charges he faced and the factual basis for those charges. He was further instructed about his right to a jury trial, the presumption of innocence, and the possible sentencing ranges he faced. This is all the law requires. Considering the totality of the circumstances, we

conclude that Appellant voluntarily entered his plea and no manifest injustice would be shown by permitting it to stand.

Once a defendant enters a guilty plea, it is presumed he was aware of what he was doing. *Commonwealth v. Alameda*, 339 A.3d 504, 510 (Pa. Super. 2025), *reargument denied* (Aug. 15, 2025), *appeal denied,* No. 354 EAL 2025, 2026 WL 203011 (Pa. Jan. 27, 2026). Further, while assessing the voluntariness of a guilty plea, we note that "the law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* (cleaned up).

A review of the record amply supports the trial court's conclusion that Appellant was not entitled to withdraw his negotiated plea. Considering the totality of the circumstances, the record shows that Appellant voluntarily, knowingly, and intelligently tendered his guilty plea. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by the statements he made at his plea colloquy and "may not assert grounds for withdrawing the plea that contradict statements made" when he entered his plea) (citation omitted).

We reiterate that a post-sentence motions to withdraw a plea is subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices; as such, "A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." *Commonwealth v. Broaden*, 980 A.2d

124, 129 (Pa. Super. 2009). Appellant's dissatisfaction after learning the precise contours of his negotiated sentence does not constitute manifest injustice, but instead reflects precisely the type of prohibited "sentence testing" disfavored by our courts. **See Hart**, 174 A.3d at 664-65. After review, we conclude that Appellant stated he understood the nature of the charges he was facing and acknowledged the negotiated sentence was for a county term of imprisonment. Appellant averred that he understood the rights he was giving up by entering a plea. At no time did he allege he was without the necessary information needed to enter a knowing plea. Indeed, Appellant never asserted that counsel promised him a sentence different from the one actually imposed. Rather, the record reflects that Appellant expected a "county length" sentence, which comports with the sentence he received. Appellant cannot now baldly recant his representations made under oath to the court. **See Reid, supra; Pollard, supra.**

Accordingly, in light of both the written and oral plea colloquies completed by Appellant, we find no manifest injustice to support his claim that his plea was unknowing or unintelligently entered. Further, as Appellant's claims contradict his sworn statements from the colloquies, his testimony now also fails to establish the required manifest injustice necessary for such a plea withdrawal.

Our independent review of the record has failed to disclose any additional non-frivolous issues that Appellant could raise in this appeal. Thus,

we conclude that Appellant's claim that the court erred in denying his request to withdraw his plea is frivolous.

Judgment of sentence affirmed. Counsel's request to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/09/2026