IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Davis,                          :
                    Petitioner       :
                                     :
          v.                         :  No. 40 M.D. 2020
                                     :  SUBMITTED: August 21, 2020
Pennsylvania Department              :
of Corrections,                      :
                    Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                FILED:  October 6, 2020

          Petitioner Keith Davis (Davis), an inmate at State Correctional Institution –

Houtzdale (SCI-Houtzdale), has filed a petition for review (Petition) with our Court,

in which he alleges that Respondent Pennsylvania Department of Corrections

(Department) has violated his constitutional rights, due to the manner in which the

Department has treated Davis's chronic kidney disease, and seeks relief in the form

of a preliminary injunction. The Department has filed preliminary objections

demurring to Davis's Petition, in which it argues that Davis has failed to articulate

any viable legal claims. Upon review, we sustain the Department's preliminary

objections in part, dismiss them as moot in part, and dismiss Davis's Petition with

prejudice.

## I. Facts and Procedural History

          As recounted in Davis's Petition and attached exhibits, Davis was evaluated

by Dr. Swati Arora, a nephrologist at Allegheny General Hospital in Pittsburgh,

Pennsylvania, at an unspecified point in time. Petition, ¶2, Ex. A. Dr. Arora

determined that one of Davis's kidneys had four "wrinkles" and prescribed a treatment plan that called for a biopsy of the affected kidney, as well as monthly medical tests, the results of which would be sent to Dr. Arora for her review. *Id.*, ¶2, Ex. A. In addition, Dr. Arora recommended that Davis make two visits per year to both her and the "Transplant Division" for an "Extensive Examination." *Id.*, Ex. A.

Dr. Muhammad Naji, the medical director at SCI-Houtzdale, subsequently determined that "[Davis's] labs are stable . . . and opined that [labs do not] need to be drawn monthly[.]" *Id.* Accordingly, Dr. Naji declined to follow Dr. Arora's recommended treatment plan for Davis's chronic kidney disease. *Id.*, ¶2, Ex. A.

On November 25, 2019, Davis filed an inmate grievance, in which he alleged that Dr. Naji "had intentionally and knowingly [put Davis's] life in danger from kidney failure" by refusing to facilitate Davis having biopsy appointments in either March 2019 or November 2019. *Id.*, Ex. A. Additionally, Davis claimed that he had undergone medical tests at some point in November 2019, but that Dr. Naji had informed him that the next round of testing would not happen until January 1, 2020. *Id.* Davis requested that monthly labs be drawn and the results faxed to Dr. Arora to ensure that his kidney function and tacrolimus[1] levels are safe, that he be transported to all prescriptive appointments, and that he be awarded $200,000 for medical neglect and punitive damages. *Id.*

On December 23, 2019, Facility Grievance Coordinator Terri Sechrengost denied Davis's grievance. Coordinator Sechrengost explained her decision by stating:

---

[1] Tacrolimus is the name of an immunosuppressant drug that is used to prevent transplant recipients' bodies from rejecting certain types of organs, including the heart and kidneys. U.S. National Library of Medicine, "Tacrolimus," https://medlineplus.gov/druginfo/meds/a601117.html (last accessed October 5, 2020).

> In review of Davis'[s] medical record[s,] his labs were drawn on 12/13/19 and faxed to the nephrologist. The [T]ransplant [D]ivision physician spoke with Dr. Naji and stated that they no longer need [sic] to see Davis[,] as it has been many years since he received his kidney and he is stable. Dr. Naji noted this in [Davis's] medical record[s] and relayed this information to Davis. There is no notation in the consultation from nephrology addressing any type of biopsy that needs to be completed [on Davis's] kidney.

*Id.*, Ex. B.

Davis appealed this decision on December 27, 2019, claiming, in relevant part, "I do not believe Dr. Naji's decision to discontinue my appointments against the orders of [Dr. Arora] was in my best interest. Dr. Naji made the decision on his own to stop all appointments to the transplant division and stopped monthly labs because my kidney's function was 'stable' at one point." *Id.*, Ex. C.

Facility Manager B. Smith denied Davis's appeal on December 30, 2019, because Davis had

> failed to provide any new information that would provide [Smith] with evidence to overturn [Coordinator Sechrengost's decision]. All points of contention were addressed and there was no indication of wrongdoing by staff. Upon reviewing all facts associated with your complaint, labs are being taken and properly sent to the [d]octor as ordered. While there are intermittent periods [during which labs] aren't sent every thirty days, they are taken monthly and being tracked and sent accordingly for review by the Medical Department. You are also scheduled for follow up care with the physician listed, so your claims of Dr. Naji voiding those appointments is completely false. The grievance was properly investigated and [Smith] supports [Coordinator Sechrengost's] investigation and findings.

*Id.*, Ex. D.

Davis then appealed Facility Manager Smith's denial on January 7, 2020. *Id.*, Ex. E. Once again, Davis claimed that Dr. Naji had wrongly deviated from Dr.

3

Arora's recommended treatment plan. *Id.* Additionally, Davis argued that Facility Manager Smith had not properly evaluated Davis's appeal. He also asserted that Smith was not qualified to make such an evaluation because Smith lacked any relevant medical training and, thus, was not capable of determining whether Davis was being provided with appropriate medical care. *Id.*

Before Davis's most recent internal appeal was ruled upon, he filed his Petition with our Court on January 22, 2020. Therein, Davis explains that he intends to file another petition for review upon the conclusion of the grievance process, but that he requires a preliminary injunction at this point because he "is con[c]erned that the deterioration of his health is progressing with each moment and could cause [him] irrep[a]rable [harm]." *Id.*, ¶¶1, 4. Davis alleges that the Department violated the Eighth Amendment[2] by declining to follow Dr. Arora's recommended treatment plan for his chronic kidney disease, "causing [Davis] un[n]ecessary pain[] that could lead to death." *Id.*, ¶¶1-2. In addition, Davis maintains that the Department violated the Fourteenth Amendment[3] through a constitutionally inadequate grievance system that violated his due process rights by allowing "non-medical staff members" to rule upon the adequacy of the medical treatment provided to Davis. *Id.*, ¶¶1, 3, 5.[4] On these bases, Davis requests a preliminary injunction to compel the Department to treat his chronic kidney disease in accordance with Dr. Arora's recommended treatment plan, as well as to prevent the Department from deviating from this plan

---

[2] U.S. CONST. amend. VIII.

[3] U.S. CONST. amend. XIV.

[4] Davis also generally states, in passing, that the Department violated his rights pursuant to the Pennsylvania Constitution, but he fails to identify the *specific* rights secured by our Commonwealth's Constitution that he believes have been violated.

4

or "any order prescribed by a medical professional at least until" his impending, post-grievance petition for review has been ruled upon. *Id.*, ¶6.[5]

The Department responded by filing preliminary objections demurring to Davis's Petition. Davis has responded in opposition, and this matter is now ready for our consideration.

## II. <u>Standard of Review</u>

> In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019).

## III. <u>Discussion</u>

The Department preliminarily objects to Davis's request for preliminary injunctive relief on three bases. First, because Davis failed to offer averments establishing that the Department's medical professionals exhibited deliberate indifference to Davis's serious medical needs, he cannot state a viable Eighth Amendment-based claim. Department's Br. in Support of Preliminary Objections at 7-9. Second, Davis did not make allegations that would support a medical malpractice claim and did not file the certificate of merit that is required to pursue such a claim. *Id.* at 9-10. Finally, Davis did not articulate a legally sufficient basis for granting him injunctive relief. *Id.* at 10-12. We address each argument in turn.

---

[5] In addition, Davis requests that we issue a subpoena ordering the Department to provide him with all of his medical records and seeks *in forma pauperis* status. Petition, ¶¶7-8. We granted Davis's request to proceed *in forma pauperis* on February 19, 2020.

5

## A. <u>Eighth Amendment-Based Claim</u>

We agree with the Department that Davis has failed to articulate a legally actionable Eighth Amendment-based claim regarding the treatment he has received from the Department for his chronic kidney disease.

> The United States Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 . . . (1976), that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id.* at 104 . . . (internal citations omitted). The Court clarified that claims of negligent diagnosis or treatment, **disagreement as to the course of treatment**, and medical malpractice do not rise to the level of a constitutional violation merely because the patient is a prisoner. *Id.* at 106 . . . . Rather, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend the 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*

*Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1038-40 (Pa. Cmwlth. 2014) (emphasis added).

> The deliberate indifference test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" *Inmates of the Allegheny* [*Cty.*] *Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (citations omitted). **Complaints about medical care which "merely reflect a disagreement with the doctors over the proper means" of treating the prisoner's medical condition do not rise to the level of a constitutional violation**. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987). "Absent a showing that [prison] officials have engaged in constitutionally impermissible conduct, it is not in the public's interest for the court to usurp the Bureau of Prisons' authority and micro-manage the medical needs of

6

> a particular inmate." *Berman v. Lamer*, 874 F. Supp. 102, 106 (E.D. Pa. 1995).

*Kretchmar v. Dep't of Corr.*, 831 A.2d 793, 799 (Pa. Cmwlth. 2003) (emphasis added).

As recounted above, Davis's dispute with the Department pertains to the course of treatment that Dr. Naji has elected to pursue for Davis's chronic kidney disease. Davis has therefore failed to articulate a claim sounding in *deliberate indifference* to a serious medical need.[6] As such, Davis's Eighth Amendment-based request for relief fails.

## B. Putative Medical Malpractice Claim

Though the Department argues that Davis has at least attempted to state a medical malpractice claim in his Petition, we disagree.

> Medical malpractice consists of a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon him on account of his relations with his patients, or of a want of proper care and skill in the performance of a professional act. [*Mut. Benefit*] *Ins. Co. v. Haver*, . . . 725 A.2d 743 ([Pa.] 1999); *Hodgson v. Bigelow*, . . . 7 A.2d 338, 342 ([Pa.] 1939). Because medical malpractice is a form of negligence, to state a prima facie cause of action, a plaintiff must demonstrate the elements of negligence: "a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm." *Hightower-Warren v. Silk*, . . . 698 A.2d 52, 54 ([Pa.] 1997). With all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation. *Id.*

---

[6] We do not dispute that chronic kidney disease is or can be a serious medical issue or that, under other circumstances, deliberate indifference to this kind of ailment could theoretically occur.

*Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1070-71 (Pa. 2006).

Here, Davis seeks to compel the Department, via court order, to provide him with a certain course of medical treatment for his chronic kidney disease. At no point in his Petition does Davis articulate a claim sounding in negligence, nor does he seek anything other than equitable relief, expressly stating that he "does not request money in this [P]etition[,] only the opportunity to live." Petition, ¶3. Therefore, as Davis clearly did not intend to state a medical malpractice claim in his Petition, and only seeks preliminary injunctive relief through his filing, we dismiss as moot the Department's preliminary objection to this nonexistent claim.

### C. <u>Request for a Preliminary Injunction</u>

A party seeking a preliminary injunction must satisfy six prerequisites in order to show that it is entitled to such relief.

> First, a party . . . must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. . . . Second, the party must show that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. . . . Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. . . . Fourth, the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. . . . Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. . . . Sixth and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

*Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003) (internal citations omitted). "For a preliminary injunction to issue, every

8

one of these prerequisites must be established; if the [party seeking the preliminary injunction] fails to establish any one of them, there is no need to address the others." *Allegheny Cty. v. Com.*, 544 A.2d 1305, 1307 (Pa. 1988). Because Davis's Eighth Amendment-based claim is not actionable, it does not satisfy the fourth prong of the preliminary injunction test.

As for the remaining arguments in Davis's Petition, which sound in the Due Process Clause of the Fourteenth Amendment, as well as unspecified parts of the Pennsylvania Constitution, we also agree with the Department that those arguments do not provide a legally sufficient basis for granting Davis a preliminary injunction. As shown by the averments in Davis's Petition, Dr. Arora's recommended treatment plan for Davis's chronic kidney disease was never actually implemented by the Department. Therefore, mandating that the Department follow Dr. Arora's plan would not restore the parties to the *status quo ante*, but instead would place both Davis and the Department in entirely new positions relative to Davis's medical care. Accordingly, Davis's request for a preliminary injunction also fails to satisfy the third prong of the preliminary injunction test.

## IV. Conclusion

On the basis of the foregoing analysis, we sustain the Department's preliminary objections to Davis's Petition regarding Davis's Eighth Amendment-based claim, as well as Davis's right to injunctive relief, and dismiss the Petition with prejudice. Furthermore, we dismiss as moot the Department's preliminary objection to Davis's nonexistent medical malpractice claim.

_____
ELLEN CEISLER, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Davis,                              :
                  Petitioner     :
                                          :
        v.                       :  No. 40 M.D. 2020
                                          :
Pennsylvania Department                   :
of Corrections,                           :
                  Respondent     :

# **O R D E R**

AND NOW, this 6th day of October, 2020, it is hereby ORDERED that the preliminary objections of Respondent Pennsylvania Department of Corrections (Department) to the Petition for Review (Petition) of Keith Davis (Davis) are SUSTAINED IN PART, as to Davis's claims and averments in his Petition relating to violations of his federal and state constitutional rights. The Department's preliminary objection to Davis's nonexistent medical malpractice claim is DISMISSED AS MOOT. Davis's Petition is DISMISSED WITH PREJUDICE.

_____
ELLEN CEISLER, Judge